

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 4, 1949

Hon. Stewart W. Hellman
Criminal District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. V-871.

Re: The applicability of
the Secret Ballot Bill
to elections to be
held for school pur-
poses.

Dear Sir:

　　　　We refer to your recent letter which in sub-
stance reads as follows:

　　　　In Article VIII of S.B. 116, Acts 51st
Legislature, providing for the consolidation
of "dormant" school districts, the following
language appears:

　　　　". . . Elections shall be held in such
consolidated districts for the assumption
of outstanding bonds, if any, for the lev-
ying of taxes therefor, and for the levy-
ing of a local maintenance tax; said elec-
tions to be ordered and held as _now_ pro-
vided by law." (Emphasis ours.)

　　　　"Article 2784e, et seq. of Title 49, Chap-
ter 13, V.C.S., prescribes the procedure to be
followed now in such elections, unless H.B. No.
357, Acts 51st Legislature, the Secret Ballot
Bill, has made some changes."

　　　　Question 1. Does the Secret Ballot Bill
　　　　　　　　　　　apply to such elections held
　　　　　　　　　　　for the above purposes?

　　　　Question 2. Should school bond and main-
　　　　　　　　　　　tenance tax elections be held
　　　　　　　　　　　under the procedure provided
　　　　　　　　　　　in Title 49, Chapter 13, V.C.
　　　　　　　　　　　S?

　　　　That part of Article VIII of S.B. 116, quoted
above, requires "said elections" (bond assumption and

maintenance tax elections) "to be ordered and held as now provided by law." This provision necessarily refers to those specific school bond and tax election laws found in Title 49, Chapter 13, V.C.S., for the reason that the general provisions of the election laws covered in Title 50, V.C.S., do not provide for such special elections. Laws providing for special elections may be regarded as special laws. Wallis v. Williams, 101 Tex. 395, 108 S.W. 153 (1908).

Article 2785 of the school election laws prescribes the procedure "now provided by law" for elections to levy school maintenance tax and for the issuance of schoolhouse bonds subject to the provisions of Article 2784e, V.C.S. Article 2785 also specifies that "said elections shall be held and conducted as provided by law for general elections, except as provided herein." Other election procedure for the voting and issuance of bonds by independent districts may be found in Article 2788. Perforce the provisions of these laws, it follows that matters of procedure not controlled by these school election laws themselves are regulated by the general provisions of the election laws, Title 50. Miller v. Coffee, 118 Tex. 381, 15 S.W.2d 1036 (1929); Lewis v. Crump, 54 S.W.2d 616 (Tex. Civ. App. 1930).

Article 2786b, Sections 1 and 2, a school election law, prescribes a procedure "as now provided by law" for an election in school districts enlarged or extended on the question of the assumption of bonded indebtedness by said district as enlarged or extended and the levying and collecting of a tax therein to pay the interest and principal thereof. That statute further specifies that "the law in reference to the calling of elections and the holding of elections for the issuance of school house bonds by any such district (see Articles 2784e, 2785, 2788) shall be applicable to such election to the extent that such law is applicable and not in conflict herewith, and in the event of conflict the provisions of this Act shall control." Since Article 2786b refers to Article 2785 with regard to election procedure, matters or procedure not controlled by this school law itself or the school laws to which it makes reference as applicable to such bond assumption elections are regulated by the general provisions of the election laws, Title 50.

It has been held that as a general rule matters not controlled by the school statutes providing for

the election of school trustees are regulated by the general provisions of the election laws, Article 2923, Title 50, Revised Civil Statutes, 1925. Schertz v. Telfer, 74 S.W.2d 327 (Tex. Civ. App. 1934); Shaw v. Taylor, 146 S.W.2d 452 (Tex. Civ. App. 1940); Stephens v. Dodd, 243 S.W.710 (Tex. Civ. App. 1922). This principle has been carried over with respect to school bond and maintenance tax elections by virtue of specific provisions of Article 2785 quoted herein. Lewis v. Crump, 34 S.W.2d 616 (Tex. Civ. App. 1930).

Article 2978 of Title 50, V.C.S., as amended provides in part:

"In all elections by the people, the vote shall be by official ballot, which shall be numbered, and elections so guarded and conducted as to detect fraud and preserve the purity of the ballot. No ballot shall be used in voting at any general, primary or special election held to elect public officers, select candidates for office or determine questions submitted to a vote of the people, except the official ballot, unless otherwise authorized by law. At the top of the official ballot shall be printed in large letters the words 'Official Ballot' . . ." (Emphasis added.)

We find no statutes which except school districts in their special bond and maintenance tax elections from the use of the "Official Ballot" and the form it shall take as prescribed in the general provisions of the election laws, Title 50, as amended. Article 2785, to which Article 2786b makes reference, specifically provides that "said elections shall be held and conducted as provided by law for general elections, except as provided herein."

House Bill 357, the Secret Ballot Bill, is an amendatory law amending certain enumerated general provisions of the election laws of Title 50, R.C.S. 1925. Examination of the original bills on file in the office of Secretary of State reveals that H.B. 357 became effective on June 7, 1949, and that S.B. No. 116, a Gilmer-Aikin Bill containing Article VIII quoted in your letter, became effective on June 8, 1949. House Bill 357 does not undertake to amend the provisions of the school laws herein discussed. Therefore, as hereinbefore stated, to

Hon. Stewart W. Hellman, page 4 (V-871)

the extent that the procedure for school bond and maintenance tax elections are not covered by the school laws themselves, the general provisions of the election laws, Title 50, as amended by the Secret Ballot Bill, are applicable and controlling.

## SUMMARY

Procedure for conducting and holding of bond assumption and maintenance tax elections required by Article VIII of S.B. 116, Acts 51st Legislature, is prescribed in the school election laws of Title 49, Chapter 13, Revised Civil Statutes 1925, as amended. Articles 2784e, 2785, 2786b, 2788, 2923, V.C.S.

Matters of procedure in the above elections not controlled by specific school election laws are regulated by the general election laws as amended by the "Secret Ballot Bill." Lewis v. Crump, 34 S.W.2d 616.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison

Chester E. Ollison
Assistant

CEO:bh

APPROVED

ATTORNEY GENERAL